# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KENNETH LOGGINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    CV 06-BE-1078-S |
| | ) |
| ATTORNEY GENERAL FOR THE | ) |
| STATE OF ALABAMA, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

The magistrate judge filed findings and recommendation on March 25, 2009 in which it was recommended that the petition for writ of habeas corpus be denied. (Doc. 37). On March 30, 2009, petitioner's motion for extension of time to file objections was granted until April 24, 2009. On April 24, 2009, petitioner, through counsel, filed objections to the findings and recommendation. (Doc. 40). Having carefully reviewed and considered *de novo* all the materials in the court file, including the findings and recommendation and the objections filed by the petitioner, the court determines that the objections are due to be overruled.

In his objections, Loggins makes twelve specific arguments. First, he argues that the magistrate judge erroneously dismissed his claims based on *Roper v. Simmons*, 543 U.S. 551 (2005) (Claims # 1, 2, 3, 4, 5 and 7) as procedurally defaulted. Loggins argues that these claims could not be procedurally barred because *Roper* was decided on March 1, 2005 - three-and-a-half years after he filed his Rule 32 Petition and that the State of Alabama provided no procedural mechanism to assert those claims. (Objections at 2). The court agrees that, under these circumstances, Loggins' claims asserted under *Roper* are not procedurally barred because of "an

absence of available State corrective process." *See* 28 U.S.C. § 2254(b)(1). However, while the report does find that the claims are barred on procedural grounds, the magistrate judge also found that the holding in *Roper*, which is narrowly limited to death penalty cases, does not entitle the petitioner to the relief claimed here. The court agrees with this alternative finding by the magistrate judge.

Second, Loggins objects to the magistrate judge's "narrow reading of *Roper v. Simmons*," and argues that only isolated state and district court cases have held that the *Roper* decision should not be extended to juvenile sentences of life without parole. The petitioner cites but a single state court case from South Carolina, *State v. Morgan*, 626 S.E.2d 888 (S.C. 2006), in support of his argument that the *Roper* holding requires a broader view. While the approach taken by the South Carolina Supreme Court may be prudent under the law of that jurisdiction, the petitioner cites no controlling authority that requires a hearing before resentencing a juvenile after his death sentence was overturned. The United States Supreme Court did not hold that life sentences without parole are *per se* unconstitutional for juveniles. Indeed, the Supreme Court in *Roper* actually left standing a sentence of life imprisonment without the possibility of release for the juvenile defendant without ordering that a new sentencing hearing be held. *Roper* itself provides no reason for a "broader reading."

In his third objection, the petitioner objects to the finding that death-qualified juries are not biased towards conviction, and argues that the use of a death qualified jury violated his right to a fair trial. Even assuming Loggins has evidence to bolster his position that death-qualified juries are "conviction prone," his argument fails. The Supreme Court has ruled generally that "death qualification" does not *per se* violate either the fair-cross-section nor the impartiality requirements

2

of the Sixth Amendment, *Lockhart v. McCree*, 476 U.S. 162 (1986), even when the resulting jury convicts a defendant who is not subject to the death penalty. *Buchanan v. Kentucky*, 483 U.S. 402, 415-17 (1987); *see also Furman v. Wood*, 190 F.3d 1002, 1005 (9th Cir.1999). Loggins argues that the Supreme Court in *Lockhart* assumed that death-qualified juries are more prone to conviction. (Objections at 6, citing *Lockhart*, 47; 6 U.S. at 184, Marshall, J., dissenting). Even if a death-qualified jury were generally more prone to conviction, in this case Loggins fails to establish how a death-qualified jury prejudiced him given the overwhelming evidence against him.

  In his fourth objection, Loggins argues that the magistrate judge erroneously held that his third claim was procedurally defaulted, and asserts that under Alabama law, a juvenile cannot be convicted of a capital sentence.  However, even after *Roper*, the Alabama Courts have consistently upheld sentences of life without parole for juvenile defendants. *See,* e.g.; *Connell v. State*, ___ So. 2d ___, 2008 WL 2223062 (Ala. Crim. App. May 30, 2008);   *Adams v. State*, 955 So. 2d 1107 (Ala. Cr. App. 2006) (remanded for Circuit Court to set aside Adams's death sentence and to sentence him to the only other sentence available – life in the penitentiary without the possibility of parole); *Wimberly v. State*, 931 So. 2d 60 (Ala. Crim. App. 2005); *Duncan v. State*, 925 So. 2d 245 (Ala.Crim.App. 2005);  *Duke v. State*, 922 So. 2d 179 (Ala. Crim. App. 2005). *See also*, *Davis v. Jones*, 441 F. Supp. 2d 1138 (M.D. Ala. 2006)(petition granted as to juvenile's sentence of death to the extent that the court must grant the petition, unless the State of Alabama sets aside death sentence and imposes a sentence of life imprisonment without the possibility of parole). Even if this claim were not procedurally barred, Loggins would be entitled to no relief.

In his fifth objection, Loggins objects to the magistrate judge's conclusion that no clearly articulated federal law supports his argument that he should have been afforded a second opportunity to present mitigating evidence following the reversal of his death sentence pursuant to *Roper*. Loggins cites *State v. Morgan*, *supra*, in which the Supreme Court of South Carolina, following South Carolina law, granted a new sentencing hearing to juvenile defendant whose death sentence had been vacated pursuant to *Roper*. Although the South Carolina court held that the defendant in *Morgan* was entitled to a new sentencing hearing, it did so in applying the law of that state; the law of Alabama has no such requirement. Loggins has identified no clearly articulated federal law in support of his claim. The claim lacks merit.

In his sixth objection, Loggins asserts that the magistrate judge's conclusion that *Hart v. State*, 939 So.2d 948 (Ala. Crim. App. 2005), precluded a challenge of his life sentence is misplaced, and notes that he has repeatedly maintained that his life sentence is unconstitutional. While Loggins may have repeatedly maintained that his sentence was unconstitutional, his repeated assertions do not make it so. Loggins argues that "evolving standards of decency" make sentencing a juvenile to life without parole cruel and unusual punishment as prohibited by the Eighth Amendment. As recently as 2005, the United States Supreme Court upheld just such a sentence against a juvenile in the very case upon which the petitioner relies – *Roper*. This court will not presume that the "evolving standards of decency" have changed so greatly in the four years since *Roper* as to render the petitioner's sentence unconstitutional.

Alternatively, Loggins asserts that his sentence of life without parole is invalid under the laws of Alabama. He argues that because he could not be subject to the death penalty pursuant to *Roper*, he should not have been charged with a capital offense. He contends that the most severe

4

charge that could have been levied against him was murder, which carries a maximum penalty of life imprisonment with the possibility of parole. Loggins offers no support for this position. Moreover, as noted previously, the Alabama Courts have, post *Roper*, consistently upheld sentences of life without parole for juvenile defendants.

  In his seventh and eighth objections, Loggins challenges the magistrate judge's finding that several of his ineffective assistance of counsel claims were procedurally defaulted because the state court had dismissed them based on adequate and independent state grounds. He argues the dismissal was not based on an independent state ground because the court interpreted the federal case *Strickland v. Washington*, 466 U.S. 668 (1984), in determining that the claims were not adequately pled. Moreover, he argues that the claims *were* adequately pled, and if they had not been, the court's refusal to allow him to amend constituted cause to excuse the procedural default. Loggins asserts that had the claims been reviewed, they would have succeeded, as he established that but for counsel's deficient performance, he would not have been transferred to juvenile court or convicted.  In his ninth, and related objection, Loggins asserts that the magistrate judge incorrectly deferred to the state court's denial of the remaining ineffective assistance of counsel claims on the merits. Loggins argues that the state court should have considered the effect of the totality of the errors, and argues that he sufficiently explained how, but for counsel's unprofessional errors, he would not have been transferred from juvenile court and convicted. Finally, he argues that because the state court dismissed some ineffective assistance of counsel claims as inadequately pled and addressed others on the merits, that all claims were adequately pled.

The court does not agree, and specifically holds that the ineffective assistance of counsel claims are without merit because Loggins has not established that the alleged errors of counsel resulted in his transfer and conviction. Loggins has failed to demonstrate a prejudice to overcome the procedural bar. He has not established that the state court's denial on the merits was contrary to or an unreasonable application of clearly established federal law.

In his tenth objection, Loggins asserts that in his tenth, eleventh, and fifteenth claims, he established that the state court's errors rose to the level of fundamental unfairness. The court concurs with the magistrate judge's finding that Loggins failed to demonstrate that the alleged errors actually adversely affected the fundamental fairness of the trial.

In his eleventh objection, Loggins reasserts his claim that his constitutional rights were violated by the prosecutor's comment on his failure to testify, and argues that the magistrate judge failed to independently evaluate the impact of the prosecutor's comments. The Eleventh Circuit has stressed that the AEDPA "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002). The court concurs with the magistrate judge's conclusion that the state court did not err. When determining whether an impermissible comment on a defendant's right to remain silent has occurred, federal courts must consider the totality of the circumstances and evaluate whether the remark is "manifestly intended" by the prosecutor, or was of such a character that it "'would naturally and necessarily be understood by the jury' as a comment on the defendant's silence." *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987)(quoting *United States v. Vera*, 701 F.2d 1349, 1362 (11th Cir. 1983)). If some other explanation for the remark is equally plausible, the Court

6

cannot find that counsel "manifestly intended" to comment on the defendant's failure to testify. *United States v. Swindall*, 971 F.2d 1531 (11th Cir.1992)(citing *Samuels v. United States*, 398 F.2d 964, 968 (5th Cir. 1968)(Court declined to reverse when finding it "very possible" that the prosecutor's statement was "merely inadvertent")); *United States v. Ward*, 552 F.2d 1080, 1083 (5th Cir. 1977)(approving a prosecutor's remarks when they were "more likely" intended to "properly refer to the defendants' failure to produce evidence of any kind to rebut the inference of knowledge that naturally follows from the possession of recently stolen property" than to comment on the defendants' failure to take the stand).

The prosecutor's comment in this case was not of such a character that it would naturally and necessarily be understood by the jury as a comment on the defendant's silence, but, as the state court determined, likely referred to the people Loggins told about the murder, and to those with whom Loggins joked about the killing for weeks after the crime had taken place. Moreover, because the record establishes that the evidence of Loggins' guilt was overwhelming, any error the state made at trial was harmless.

In his twelfth objection, Loggins complains that the magistrate judge failed to consider whether his constitutional rights were violated when the trial court denied his motion for the use of a jury questionnaire and funds for a juristic psychologist. He also contends that a juror who had been convicted of passing a worthless check was seated on his jury. He argues that these denials violated his rights to due process, equal protection, and fundamental fairness.

Although the magistrate judge did identify this claim and note that it had been denied on the merits in state court, it does not appear that the claim is further addressed in the report. However, upon independent review, the court concludes that Loggins failed to establish that the

state court's denial of this claim was contrary to or an unreasonable application of clearly established federal law. The fact that a juror had been convicted for passing worthless checks does not establish that the petitioner's jury was not fair and impartial, or that he was deprived of a fair trial.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the findings and recommendation and the objections filed by the petitioner, the court is of the opinion that the magistrate judge's findings are due to be and are hereby ADOPTED and his recommendation is ACCEPTED. Accordingly, the petitioner's Objections (doc. # 40) to the Report and Recommendations of the Magistrate Judge (doc. # 37) are OVERRULED and this petition for writ of habeas corpus is due to be DENIED. A Final Judgment will be entered.

DONE and ORDERED this 27th day of May 2009.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE